IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMOS A. SANDERS, on behalf of D.S.,

    Plaintiff,

vs.                                     Case No.07-1320-JTM

JO ANNE BARNHART,
  Commissioner of Social Security,

    Defendant.

MEMORANDUM AND ORDER

       Plaintiff D.S., a minor who suffers from attention deficit hyperactivity disorder (ADHD), has applied for Supplemental Security Income (SSI) benefits. His application was denied by the ALJ on April 10, 2007, a decision affirmed by the Appeals Council on August 6, 2007. There is one allegation of error by the Plaintiff – that the ALJ erred in failing to find that he was marked limited in the domain of "interacting and relating with others" under 20 C.F.R. § 416.926a(b)(1)(iii).

       Plaintiff-claimant D.S. was born on May 9, 1997, and has allegedly been disabled since February 15, 2005 due to ADHD. The regulations establish a three-step process to determine a child's eligibility for SSI benefits. It is uncontroverted that Plaintiff has satisfied the first two of these: he has not been engaged in substantial gainful activity, and the ALJ found (Tr. 19) that the Plaintiff's ADHD constituted a "severe" impairment within the meaning of 20 C.F.R. § 416.924(b).

Thus, the inquiry becomes, under 20 C.F.R. § 416.924(c), whether the Plaintiff's impairment meets or is the functional equivalent of a listed impairment. An impairment is functionally equivalent to a listed impairment if the claimant is markedly limited in at least two out of six "domains," which are defined as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). These domains are: "(i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being." *Id.* A "marked" limitation arises from an impairment which "interferes seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).

The ALJ agreed that D.S. was markedly limited in the domain of attending and completing tasks. However, he found that D.S. was not markedly limited in the remaining five domains. In the present appeal, the Plaintiff challenges the ALJ's findings only as to one of these additional domains. He argues that the ALJ's finding that he was not markedly limited in the domain of interacting and relating with others was not supported by substantial evidence.

As to this domain, the ALJ wrote that he

> will consider how a claimant initiates and sustains emotional connections with others, develops and uses language, cooperates with others, complies with rules, responds to criticism and takes care of the possessions of others. While the claimant's school records indicate that he has deficits in social skills, his father testified that he participates in the Boys and Girls Club after school and he likes to [use] computers and riding his bicycle. He also appears to get along with his father. The claimant has not been sent to the principal's office or been suspended from school, which indicates that he complies with adults. In addition, his attendant care notes indicate that his peer relationships are improving. (Exhibit 6F) The medical expert testified that the claimant has less than marked limitation in interacting and relating with others. Based on this evidence, the undersigned finds that claimant has less than marked limitation in this domain.

(Tr. 21).

The ALJ's conclusion was supported by the testimony of a psychologist, Dr. Winfrey, who had reviewed the record and appeared by telephone. Dr. Winfrey testified that he rated D.S.'s "social functioning" as "less than marked." (Tr. 321). He explained that

> the biggest challenge in this area is his peer relationships, . . . and that seems to be a pretty consistent topic both in the school records and the mental health records as having, as having a lack of friends, and a lack of social skills. However, there were some strengths noted. Among them, general compliance with adults, not too much trouble with authority and so on. Generally, okay behavior. And also noted improvement in social functioning in terms of peer relationships.

(*Id.*) On further questioning by counsel for D.S., Dr. Winfrey stated that his opinion was supported by mental health information admission notes as well as teacher questionnaires, which contained "specific ratings" as to "social functioning." (Tr. 327). He noted that these forms "have sections referring to relationships with kids, relationships with adults. It looked to me like the relationships with adults, those ratings were generally higher." (Id.)  Dr. Winfrey testified that "as I noted in the liabilities or challenges of, of the social functioning, that's an issue for the Claimant that he doesn't have good satisfying peer relationships." (Tr. 329).

The Plaintiff argues that the decision of the ALJ was in error, since Dr. Winfrey's testimony rests on a mistaken understanding of 20 C.F.R. § 416.926a(e)(2)(I). That is, Plaintiff argues, a marked limitation arises even if it affects only one activity of daily life. According to Plaintiff, Dr. Winfrey's testimony rests on a misunderstanding of the law, since it conflates social functioning of the claimant with both adults and peers, even though he functioned much better among the former than the latter.

3

The court finds no error in the ALJ's conclusion. Read in context, Dr. Winfrey's testimony, does not demonstrate an improper analysis was employed. First, the regulations do not preclude taking an assessment of how a child interacts with adults. While § 416.926(a)(i)(3) includes an assessment of how the claimant interacts with peers, it does so as part of an explicitly non-exclusive list of examples. Moreover, while Dr. Winfrey did indicate that D.S. functioned better with adults, and that his functioning with peers was more limited, her testimony does not indicate that she somehow averaged the two assessments. Instead, her testimony establishes that, even among peers, the functioning of the Plaintiff was limited, but did not reach the level of a *marked* limitation within the meaning of 20 C.F.R. § 416.926a(e)(2).

This assessment is consistent with other evidence present in the record, including successful participation in the Boys and Girls Club. The Plaintiff's father indicated that the Plaintiff had friends his own age, that he could make new friends, and was able to get along with teachers and other adults. (Tr. 72). There are also, as the ALJ noted, positive reports (Exh. 6F) about Plaintiff's socialization skills in the notes of his assigned care-giver. The Plaintiff correctly states that the same notes also show a number of instances where the care-giver indicated that his socialization skills could be improved. But the court's role is not to reweigh evidence presented to the ALJ, but to determine whether the decision of the ALJ is supported by substantial evidence. *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007). Here, substantial evidence supporting the ALJ's conclusion exists in the form of Plaintiff's participation in the Boys and Girls Club, his father's description of Plaintiff's socialization abilities, the care-giver's daily assessments, and the testimony of Dr. Winfrey,

4

The Plaintiff also argues that the ALJ erred in determining that little weight should be given the opinion of his therapist, Monica Beard. Beard had indicated in December of 2005 that Plaintiff was markedly limited in his socialization. (Tr. 178). The ALJ noted that Beard was not an accepted medical source, and the plaintiff correctly notes that under SSR 06-3p, the factors for assessing the weight to give an acceptable medical source are also relevant for the determination of the weight to give other sources of medical evidence. Here, however, the ALJ also stressed that he found Beard's conclusion to be at odds with the rest of the evidence in the case. That evidence includes the testimony of Dr. Winfrey and the notes of the daily care-giver, many of which were rendered after Beard's 2005 opinion.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE